UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BENJAMIN WILKES,

    Plaintiff,

v.

FEDEX CORPORATION,

    Defendant.

Case No. 24-cv-13176

Honorable Robert J. White

**OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING THE COMPLAINT WITH PREJUDICE**

Benjamin Wilkes commenced this *pro se* Title VII employment discrimination action against FedEx Corporation. (ECF No. 1). Before the Court is his application to proceed *in forma pauperis*. (ECF No. 2). He has since responded to the Court's December 9, 2024 show cause order. (ECF Nos. 5-6). For the following reasons, (1) the *in forma pauperis* application is granted and the complaint is filed without prepayment of the filing fee, and (2) the complaint is dismissed with prejudice.

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may permit a person to commence a lawsuit without prepaying the filing fee, provided the applicant submits an affidavit demonstrating the inability "to pay such fees or give security therefor." *Pro se* complaints are held to "less stringent standards" than those drafted by

lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, the Court must dismiss an *in forma pauperis* complaint if it:

(i) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In other words, a complaint is frivolous if "based on an indisputably meritless legal theory" or "clearly baseless" facts or "a legal interest which clearly does not exist" or "fantastic or delusional scenarios." *Id.* at 327-28.

To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (citations and internal quotations omitted).

A plaintiff alleging Title VII employment discrimination must file his complaint in the district court within 90 days of receiving a right-to-sue notice from the Equal Employment Opportunity Commission. 42 U.S.C. § 2000e-5(f)(1); *Truitt v. County of Wayne*, 148 F.3d 644, 647 (6th Cir. 1998). The 90-day limitations period is not jurisdictional and "is subject to waiver, estoppel, and equitable tolling." *Truitt*, 148 F.3d at 646. Equitable tolling is appropriate when the plaintiff's failure to file

2

the complaint timely is attributed to circumstances beyond his control. *Zappone v. United States*, 870 F.3d 551, 556 (6th Cir. 2017).

The EEOC issued Wilkes its right-to-sue notice on August 27, 2024. (ECF No. 1, PageID.7). He acknowledges receiving the notice that same day "via email." (ECF No. 9, PageID.42). Wilkes then commenced this action on November 27, 2024 – 92 days after receiving the EEOC's right-to-sue notice and two days after his time for commencing a Title VII action in federal court already expired. He did not attribute his failure to meet the 90-day filing deadline to unavoidable circumstances. *See Zappone*, 870 F.3d at 556.

Because Wilkes's lawsuit is untimely the Court must dismiss the complaint. *See Lax v. Mayorkas*, 20 F.4th 1178, 1182-83 (7th Cir. 2021) (affirming dismissal of Title VII lawsuit as untimely where the plaintiff filed his complaint 91 days after receiving email notice of the employing agency's final decision). And the nature of the dismissal must be with prejudice. *See Wershe v. City of Detroit*, 112 F.4th 357, 372 (6th Cir. 2024) (affirming dismissal of a lawsuit with prejudice where the plaintiff did "not contest that the applicable statutes of limitations have expired."). Accordingly,

IT IS ORDERED that Wilkes's application to proceed *in forma pauperis* (ECF No. 2) is granted. The complaint is filed and the filing fee need not be prepaid.

3

IT IS FURTHER ORDERED that the complaint (ECF No. 1) is dismissed with prejudice.

IT IS FURTHER ORDERED that Wilkes may not file an appeal *in forma pauperis* because it would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

Dated: December 30, 2024                    s/Robert J. White_____
                                            Robert J. White
                                            United States District Judge